Asunto: INVESTIGACIONES INFORMALES POR LOS JUECES DE PRIMERA INSTANCIA.

*Número:* _____    *Resuelto:* 15 de mayo de 1981

RESOLUCIÓN

A petición de una de las partes en un contrato de opción y compraventa de solares que alegaba incumplimiento por la otra, y sin que mediara querella formal, el Juez de Distrito Sr. Pedro H. Flores Toledo, de la Sala de Cabo Rojo, citó al Dr. Efraín Toro Goyco quien compareció con abogado, objetó la facultad del juez para citarlo e impugnó su jurisdicción. Conocida la posición del citado, el juez dio por terminada la vista y su intervención en el asunto, remitiendo las partes a litigación en el foro adecuado. No obstante, el Dr. Toro Goyco se querelló contra el juez ante la Administración de los Tribunales que en su informe muestra fundada preocupación por la ausencia de disposición específica en ley que autorice estas "investigaciones judiciales" y su posible conflicto con el Canon XI de Ética Judicial en su prevención de que "el Juez no solamente ha de ser imparcial, sino que su

conducta ha de excluir toda posible apariencia de que es susceptible de actuar a base de influencia de personas . . .".

El examen del expediente y las conclusiones de la Oficina de Asuntos Legales de la Administración comprueban que el Juez Sr. Flores Toledo no excedió su autoridad ni incurrió en violación del Canon XI de Ética Judicial. Su intervención en este caso fue prudente y restringida a la determinación de si ambas partes se hallaban en actitud de avenencia y solución amistosa de su discrepancia. Informado por el planteamiento de falta de jurisdicción, de que la audiencia que ofreció a las partes sería improductiva, cortó allí mismo su intervención refiriéndolas al foro civil contencioso apropiado.

La iniciativa de los jueces de primera instancia en este tipo de investigación y audiencia no reclama otro origen que la tradición, quizás un viejo legado de tiempos menos complicados que los actuales en que el pueblo podía obtener de los jueces una justicia rápida, libre de la exuberancia procesal que requiere la complejidad de la vida moderna. Podría, por tanto, decirse que esta práctica de los jueces de primera instancia tiene pátina de obsolescencia y que su generosa dedicación al fomento y preservación de la buena convivencia y la paz entre los hombres ha perdido utilidad frente a los nuevos estilos de intransigencia y afán litigioso. Mas precisamente porque es un factor de reconciliación, de buen entendimiento y de reposo en las controversias, no debe abolirse.

No es obligación de los jueces de primera instancia practicar estas investigaciones informales. Son hijas de una conciencia social que los impulsa a remediar lo que de primera impresión perciben como injusticia, promoviendo la transacción y el arreglo y evitando la extenuación espiritual y económica que conlleva un pleito. Pero ya esa labor generosa se tacha en ocasiones como abuso de poder y opresión, por lo que resulta necesario atemperarla a los tiempos con las siguientes normas:

1ra No es parte de las funciones y prerrogativas de un juez de primera instancia la investigación sin querella formal y autorizada por Ley, de conflictos y divergencias entre personas.

2da Un juez podrá, respondiendo a su conciencia social, citar una parte para oírla, únicamente si la queja bien fundada le planteare una situación de opresión e injusticia, mediando razonable probabilidad de que su intervención restablecerá la armonía entre partes.

3ra De someterse las partes a audiencia el juez les advertirá que no impondrá soluciones ni adjudicará derechos, y que su propósito es solo explorar la posibilidad de una avenencia entre partes, evitándoles una controversia judicial.

4ta Si la parte citada rehúsa la audiencia ofrecida por el juez negándose a participar, o si celebrada la misma mantuvieren ambas partes sus posiciones de conflicto, dará el juez por terminada su intervención y remitirá el asunto a adjudicación de Derecho por los medios de enjuiciamiento que corresponda.

5ta El juez hará uso de esta iniciativa solo en casos apropiados por circunstancias y méritos, ponderando siempre la deseabilidad de proveer prontamente al mantenimiento del orden público y la paz social.

6ta El juez conservará una breve minuta de lo actuado en la audiencia.

En cuanto al Juez Sr. Flores Toledo, no encontramos causa para ulterior procedimiento. Archivado.

Publíquese para información general.

Lo acordó el Tribunal y certifica el Secretario.

(Fdo.) Ernesto L. Chiesa
*Secretario*