*In re* EFRAÍN BERMÚDEZ RIVERA, querellado.

*Número:* CE-87-221    *Resuelto:* 27 de abril de 1989

*Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General,* y *Eliadís Orsini Zayas, Procuradora General Auxiliar,* abogados de El Pueblo; *Pedro Malavet Vega,* abogado del querellado; *Efraín Bermúdez Rivera, pro se; Juan Marcano Ortiz,* Comisionado Especial.

PER CURIAM: El Procurador General de Puerto Rico presentó querella contra el abogado Efraín Bermúdez Rivera y le imputó el cargo sobre conducta impropia siguiente:

El abogado Efraín Bermúdez Rivera violó los Cánones de [É]tica Profesional y actuó en forma ilegal e inmoral cuando utilizó para sus fines y propósitos, en forma extrajudicial, sin mediar gestión previa en el Tribunal, a un empleado del Tribunal —Alguacil— quien so color de autoridad realizó —a requerimiento del abogado querellado, una gestión ilegal y ultra vires en benefic[i]o de aquél para traer ante la justicia a un ciudadano en forma ilegal también. Querella, pág. 1.

El querellado compareció por conducto de abogado e hizo las alegaciones siguientes:

1. Se niega que el querellado haya incurrido en violación a los Cánones de [É]tica Profesional —no se identifica ningún cánon en particular en la querella—, o que haya actuado en forma inmoral.

## ALEGACIONES ESPECIALES

Por vía de Alegaciones Especiales, se alega lo siguiente:

1. Examinada ahora en perspectiva la conducta del querellado tenemos motivos para pensar que no siguió el procedimiento legal correcto. Sin embargo su actuación fue de estricta buena fe y con el objetivo de evitar al ciudadano Julio M. Román Arizmendi un procedimiento formal de denuncia o acusación criminal, con el correspondiente efecto de expedición de orden de arresto y/o fijación de fianza.

2. Al actuar así, el querellado creía, de buena fe, estar concretando el espíritu que permea la Resolución de este Hon. Tribunal Supremo del 15 de mayo de 1981, en evitación de "la extenuación espiritual [. . .] que conlleva un p[leito]" criminal formal (111 D.P.R. 86, 1981) así como el espíritu de la Ley Núm. 140 del 23 de julio de 1974 en cuanto a la solución rápida y adecuada de pleitos.

3. Igualmente la actuación del querellado respondió a lo que entonces parecía ser una práctica generalizada de citación por el alguacil, conforme a las propias manifestaciones del alguacil envuelto en el incidente, pero sin ánimo de incumplir la ley o realizar una gestión ilegal.

Aparentemente este sistema de citación mediante el alguacil ha requerido antes la intervención de la Administración de los Tribunales.

4. Examinados los hechos ahora en la perspectiva legal y jurídica que ameritan los mismos tomando en consideración las altas y severas normas de conducta que rigen el ejercicio profesional, el querellado comprende que su actuación, aunque de buena fe y con el convencimiento moral antes indicado, no fue conforme a las disposiciones estrictas de nuestro Ordenamiento Jurídico.

Ha evitado incurrir en la misma y tiene el firme propósito de continuar en tal actitud.

5. En definitiva, el ciudadano Julio M. Román Arizmendi incumplió el pago de más de $16,000.00 y tuvo que pasar por

los rigores de determinación de causa, denuncia y fijación de fianza, que se intentaba evitar.

6. El querellado es una persona honesta, con sentido de servicio público, que lleva una práctica honrada, aunque modesta en un pequeño pueblo del sur, y en modo alguno pretendía con sus actuaciones realizar un acto ilegal o inmoral, por lo que solicita de este Hon. Tribunal aquella Resolución justiciera atemperada por la comprensión de su buena fe en los actos que se imputan ocurridos. Contestación a la querella, págs. 1–2.

Una vez completados los trámites, incluso la vista evidenciaria, el Comisionado Especial designado por este Tribunal, Lic. Juan Marcano Ortiz, hizo las determinaciones de hecho siguientes:

1. Que el Lcdo. Efraín Bermúdez practica la profesión de abogado desde el 1968 con oficina en la Calle Betances [Núm.] 15 de Santa Isabel, Puerto Rico.

2. Que para 5 de julio de 1985 el Sr. Elving Rodríguez Miranda era Alguacil Auxiliar en el Tribunal de Distrito, Sala de Juana Díaz y ese día (viernes) se había concedido libre a los empleados de la Rama Judicial; por lo que el local estaba cerrado.

3. El Sr. Elving Rodríguez Miranda posee un Bachillerato en Artes; ha sido maestro y en la actualidad ha cursado dos años de estudios de derecho y estudiaba en la Escuela de Derecho de la Universidad Católica de Ponce.

4. Que para julio de 1985, el Honorable José A. Ramos Rodríguez actuaba como Juez Municipal de Santa Isabel, Puerto Rico y el Honorable Elidio Maldonado era Juez Administrador de la Sala del Tribunal de Distrito de Juana Díaz. El 5 de julio de 1985 fue declarado oficialmente feriado, por las autoridades pertinentes, habiendo permanecido el referido Tribunal cerrado. Con anterioridad el Lcdo. Efraín Bermúdez había solicitado del alguacil Elving Rodríguez Miranda, le citara al Sr. Julio Román, residente de Bayamón, quien supuestamente había expedido unos cheques sin fondo a su cliente April Agro Industries, Inc. En ese día ambos hicieron gestiones para conseguir las llaves del Tribunal, habi[é]ndolas obtenido de manos de la Sra. Zobeida Santos Collazo, conserje del Tribu-

618

nal. [É]sta entregó las mismas; por el Sr. Ex-alguacil, Elving Miranda haberle indicado falsamente, que la secretaria Alma Gast[ó]n Cabrera lo había autorizado.

"[É]l me saludó y nos saludamos y entonces él me dijo que él iba a buscar las llaves. Entonces yo le pregunté que si él había hablado con doña Alma y él me dijo que sí, que ya había ido a hablar, que por eso había ido a mi casa a buscar las llaves. Y yo . . . pues se las entregué." (Pág. 72, Declaración de Zobeida Santos Collazo). Vista de 28 de agosto de 1986 In Re Elving Rodríguez Miranda, Querellado, Caso A 86-13.

La Sra. Alma Gast[ó]n Cabrera no autorizó al Sr. Miranda a recoger las referidas llaves; ni le vi[o] personalmente.

5. Que al así obtener las llaves, el Sr. Rodríguez Miranda entró al Tribunal y consiguió una Orden de Citación (OAT 985, octubre 1974, Orden de Citación sobre Querella Ley 140 de 23 de julio de 1974) la llevó a la oficina del querellado Lcdo. Bermúdez y la secretaria de éste preparó la citación y el alguacil la firmó.

P— "O sea ¿habló con la secretaria y la secretaria preparó la citación?"

R— "Preparó la citación."

(Declaración Lcdo. Efraín Bermúdez, Pág. 111, Caso Núm. A 86–13)

6. Que ambos, el querellado Lcdo. Bermúdez y el Alguacil Rodríguez Miranda, fueron a Bayamón a diligenciar la referida citación, acompañados de un agente de la corporación April Agro Industries, Inc.

7. Que en 11 de julio de 1985, el Sr. Julio Román, honrando la referida citación, compareció ante el Juzgado Municipal de Santa Isabel acompañado de abogado, enterándose entonces de que para esa fecha, ni para ninguna otra; había querella alguna o denuncia contra su persona.

8. Que las aludidas gestiones judiciales se hicieron, sin que mediara orden de ninguno de los jueces de esa sala, ni de ninguna otra, ya que no hubo solicitud previa a fin de mover al Tribunal a expedir alguna citación; hechos que conocía el querellado, Lcdo. Efraín Bermúdez Rivera.

9. Que el querellado goza de buena reputación en la comunidad y además de abogado postulante fue legislador desde el 1972 al 1976.

10. Que en 11 de marzo de 1985 el Honorable Juez Elidio Maldonado Torres suscribió un memorandum que fuera dirigido al Ex-alguacil, Elving Rodríguez Miranda, indicando que en el segundo y cuarto lunes de cada mes, éste atendería la Sala del Tribunal de Distrito de Puerto Rico constitu[i]da en Santa Isabel. Esta orden se coordinaría con doña Alma Gast[ó]n, secretaria del Juez Municipal, a los efectos de que se entregaran las llaves del local en esos días.

11. Que a tono con esa orden administrativa s[ó]lo podía recoger las llaves de esa sala en esos días específicos.

12. Que en 23 de agosto de 1985 se sometieron formalmente cinco denuncias contra el Sr. Julio M. Román Arizmendi, por el delito de expedición de cheques sin "suficientes fondos" que llevan los números 502, 503, 504, 505 y 506; y en relación con las cuales se llevó a cabo el procedimiento de rigor. Informe sobre vista en su fondo de querella sobre conducta profesional y certificación y radicación de prueba practicada, págs. 3–5.

El Comisionado Especial declaró sin lugar la moción sobre determinaciones de hecho adicionales presentada por la representación legal del querellado.

La delegada del Procurador General sometió ante nos sus comentarios al citado informe del Comisionado Especial, en los que insiste que el querellado actuó en una forma impropia e ilegal. El querellado no ha comparecido para objetar, comentar o argumentar sobre el informe del Comisionado Especial. Al ser ello así, debemos entender que se aceptan como correctas las determinaciones de hecho de dicho informe. Aparte de ello, hemos hecho un examen independiente de la prueba desfilada ante el Comisionado Especial de las estipulaciones de las partes y la prueba documental que obra en autos.[1]

■ Ante los hechos presentes, forzoso es concluir que el querellado actuó en forma ilegal e impropia al propiciar que

[1] Incluso el expediente administrativo de la apelación del ex alguacil Rodríguez Miranda en el que la Junta de Personal de la Rama Judicial confirmó su destitución.

el alguacil Rodríguez Miranda violara las normas vigentes para, sin autorización, llevar, cumplimentar y diligenciar sin orden judicial una citación judicial contra un ciudadano. Resulta obvio que las actuaciones del querellado eran para beneficiar a su cliente a los fines de lograr el pago de una deuda. Aun si hubiera actuado de buena fe, su conducta amerita acción disciplinaria. *In re Hernández Vargas*, 116 D.P.R. 689 (1985).

■    Ante la gravedad de la conducta, consideramos que el expediente del abogado querellado refleja que ésta es la primera ocasión en que es disciplinado y que, entre otras cosas, fue un servidor público y que goza de buena reputación en la comunidad en que practica su profesión.

Bajo las circunstancias presentes, *nos limitamos a separar al Lic. Efraín Bermúdez del ejercicio de la abogacía por el término de un (1) año, efectivo en la fecha en que sea notificado de la presente.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton limitaría la suspensión a un término de seis (6) meses. El Juez Presidente Señor Pons Núñez no intervino.